NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMS UDDIN and SAMIHA MITWALLY, | |
| Plaintiffs, | Civ. No. 13-6504 (JLL) |
| v. | |
| SEARS, ROEBUCK & COMPANY and JOHN DOES 1-100, | REPORT AND RECOMMENDATION |
| Defendants. | |

**HAMMER, United States Magistrate Judge**

**I.   INTRODUCTION**

This matter comes before the Court on the motion of Plaintiffs Shams Uddin and Samiha Mitwally to remand this matter to the Superior Court of New Jersey, Essex County pursuant to 28 U.S.C. § 1447(c). Pursuant to Local Civil Rule 72.1, the Honorable Jose L. Linares, United States District Judge, referred the motion to this Court for Report and Recommendation. For the reasons set forth below, the Undersigned respectfully recommends that Plaintiffs' motion be denied.

**II.   BACKGROUND**

Plaintiffs, both residents of New Jersey, are former employees of Defendant Sears, Roebuck & Company ("Sears"). See Compl., ECF No. 1, at 1, 2.[1] Plaintiffs were both

---

[1] In each cause of action, Plaintiffs reset the numbering of the Complaint's paragraphs. Therefore, the Court shall cite to page numbers when referencing the Complaint.

1

terminated on August 24, 2013 and allege that their terminations were motivated by their religious beliefs. Id. Ms. Mitwally also claims that from August 12, 2012 until her termination, she was a victim or harassment and was assaulted by an assistant manager. Id. at 3.

The Complaint contains three causes of action against Sears. Count One alleges that Sears terminated the employment of Plaintiff Shams Uddin on August 24, 2013, on the basis of his religion, in violation of New Jersey's Law Against Discrimination ("NJLAD"). Count Two alleges that Sears terminated the employment of Plaintiff Samiha Mitwally on August 24, 2013, on the basis of her religion, in violation of NJLAD. Count Three alleges that an assistant manager at Sears harassed and assaulted Plaintiff Samiha Mitwally. The Complaint also contains a fourth count against fictitious defendants that may have been responsible for Plaintiffs' terminations. Id. at 4. Plaintiffs seek compensatory damages, punitive damages, counsel fees, costs of suit, lawful interest, and any other appropriate damages.

Sears was served with a copy of the Complaint no earlier than October 1, 2013. See Notice and Petition for Removal, ECF No. 1 ¶ 3. Sears filed its removal petition on October 29, 2013. Id. ¶ 4. In both the removal petition and in opposition to Plaintiffs' motion to remand, Sears asserted that removal was appropriate as this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a). Id. ¶¶8-9. Sears asserted that this action is between citizens of different states and the amount in controversy exceeds $75,000. Id. ¶ 8. As to diversity of citizenship, Sears represented that it is a New York corporation with its principal place of business in Illinois, and that Plaintiffs were citizens of New Jersey. Id. ¶ 9. Regarding the amount in controversy, Sears claimed that in 2012, Mr. Uddin earned $66,885.63 and Ms. Mitwally earned $48,117.64. Id. ¶ 10. Therefore, if damages were limited to a single year of back-pay, Plaintiffs' recovery would total $115,003.27. Id. Sears also contends that the amount

2

in controversy clearly exceeds $75,000 because Plaintiffs also seek damages for emotional distress, punitive damages, and counsel fees.  Id.

On November 7, 2013, Plaintiffs filed a certification "in opposition to the motion to remove[.]"  See ECF No. 6.  Plaintiffs argued in opposition that "[t]here is absolutely no reason why the within matter needs to be removed" as the State court has *in personam* jurisdiction over Sears and Sears only seeks to engage in "forum shopping."  Id. ¶¶ 5-6.

Sears filed a response to Plaintiffs' November 7, 2013 filing on November 13, 2013.  See ECF No. 7.  In this submission, Sears noted that Plaintiffs improperly filed an opposition to removal instead of a motion to remand.  Sears also reiterated its position that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and added that complete diversity would still exist even if Sears' parent corporation, Sears Holding, was a defendant.  Id.

On November 14, 2013, the Court issued an order addressing Plaintiffs' November 7, 2013 certification.  See ECF No. 8.  The Court, while referencing certain deficiencies contained in Plaintiffs' filing, ordered that the Court would take no further action as to that submission as it failed to comply with Local Civil Rules 7.1 and 7.2.  Id.  The Court ordered that any amended motion must be filed on or before November 30, 2013.  Id.

Plaintiffs moved to remand on December 11, 2013.  See ECF No. 14.  In their brief, Plaintiffs essentially concede there is diversity of citizenship, but argue that Sears has not demonstrated the amount in controversy requirement is satisfied.  See Pls. Br., ECF No. 14-1 at 2 ("While arguably there could be diversity of citizen based upon the purported fact that the parent company of Sears, Roebuck, and Company is located in Illinois, there is no showing by the defendant that the amount of controversy on behalf of each plaintiff is worth in excess of $75,000.").  Plaintiffs assert that Sears "has not consented to and does not contend that the

amount in controversy exceeds $75,000.00 nor does it admit that plaintiffs' cases are respectively worth in excess of $75,000.00." Id. Furthermore, Plaintiffs assert that because the fictitious defendants have not consented to removal, removal is improper. Id.

On December 12, 2013, the Court issued an Order to Show Cause as to why Plaintiffs' motion to remand based upon non-jurisdictional grounds should not be denied for failing to have been filed within 30 days of removal, as required by 28 U.S.C. § 1447(c). See ECF No. 15. In this Order, the Court required each party to submit a brief that included:

> (1) citations to caselaw addressing if and when a motion to remand may be filed after the 30 days provided by 28 U.S.C. § 1447(c) have passed; and
>
> (2) citations to caselaw and recitations of fact sufficient to demonstrate whether "good cause" exists for the Court to modify its November 14, 2013 Order, which required any motion to remand be filed by November 30, 2013.

Id.

On December 20, 2013, Plaintiffs filed a letter brief in response to this Order. See ECF No. 18. In their submission, Plaintiffs request that the Court consider their motion to remand a *nunc pro tunc* filing and ask that it be considered filed on the date that they filed their opposition to Sears' removal petition. See id. Plaintiffs, however, failed to comply with the Court's December 12, 2013 Order to Show Cause, because they failed to provide citations to caselaw addressing if and when a motion to remand may be filed after the thirty days provided by 28 U.S.C. § 1447(c) have passed. Plaintiffs also failed to provide caselaw and recitations of fact sufficient to demonstrate whether good cause existed for the Court to modify its November 14, 2013 Order.

Sears filed its letter brief on December 23, 2013. See ECF No. 21. First, Sears asserted that Plaintiffs' motion must be denied as it is untimely pursuant to the Court's November 14,

4

2013 Order, and Plaintiffs have failed to demonstrate good cause to modify that scheduling order. See id. at 1-2, 4. Second, Sears asserts that it has established that the amount in controversy exceeds $75,000 and therefore the Court has subject matter jurisdiction over this matter. Id. at 2, 4-5. Third, Sears asserts that any remaining deficiencies in the petition alleged by Plaintiffs are technical defects that had to have been raised within thirty days. Sears asserts that Plaintiffs' failure to move to remand based upon these defects within thirty days constitutes a waiver of these arguments. Id.

### III. ANALYSIS

The Court notes that a decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, the Court respectfully makes the following Report and Recommendation to the Honorable Jose L. Linares.

**A. Subject Matter Jurisdiction**

The Court shall initially put aside the deficiencies in Plaintiffs' submissions and address the substantive dispute raised by Plaintiffs' motion: Was removal of this matter from the Superior Court proper based upon diversity jurisdiction?

Section 1441(a) of Title 28 of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally--that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and

§ 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447.[2] Defects in removal may be procedural or jurisdictional. Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case, and this time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In turn, a plaintiff's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).

Sears bears the burden of demonstrating that removal was proper as it is the party asserting federal jurisdiction. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (describing this burden as "heavy"). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

Here, Sears asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Section 1332(a) confers original jurisdiction over "all civil actions where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[2] While Plaintiffs argue that removal is improper as the fictitious entities named in the Complaint did not consent to removal, the unanimity requirement does not apply when the non-joining defendants are unknown. See Little v. Doe, No. 09-5183, 2010 WL 3812364, at *2 n.3 (D.N.J. Sept. 28, 2010); Doughtery, Clifford & Wadsworth, Corp. v. Magna Grp., Inc., No. 07-1068, 2007 WL 2579406, at *2 (D.N.J. June 19, 2007). Therefore, as Sears is the only known defendant, it did not need to obtain the consent of any other entity prior to removing the matter.

*1. Diversity of Citizenship*

Section 1332(c)(1) provides that for purposes of removal "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Regarding fictitious entities, § 1441 plainly provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

As addressed *supra*, Plaintiffs essentially concede that diversity of citizenship exists. Furthermore, the Court concludes that there is complete diversity as there is no dispute that, at all relevant times: (1) Plaintiffs were citizens of New Jersey and (2) Sears was a citizen of New York and Illinois.[3]

*2. Amount in Controversy*

In Frederico v. Home Depot, the Court of Appeals for the Third Circuit articulated the framework for determining the "quantum of proof to be used in ascertaining the requisite amount in removal cases sounding in diversity." 507 F.3d 188, 193 (3d Cir. 2007). The Frederico court distinguished between the approaches in Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) and Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004). Frederico, 507 F.3d at 196–97. Under Morgan, "where the complaint <u>specifically</u> avers that the amount sought is less than the jurisdictional minimum . . . a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." Id. (emphasis added). Under Samuel-Bassett, "[b]y contrast . . . where the plaintiff has <u>not specifically averred</u> in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded

---

[3] Assuming, *arguendo*, that Sears Holding were a defendant in this case, complete diversity likely would still exist because it appears that Sears Holding is a citizen of Delaware and Illinois.

if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Id. at 197 (emphasis in original). In other words, if a plaintiff expressly limits the claim to avoid subject matter jurisdiction, by expressly stating the amount at issue is less than $75,000, then the removing party bears the burden of proving to a legal certainty the amount in controversy exceeds the statutory amount. See Frederico, 507 F.3d at 196–97. If the plaintiff does not specifically state the amount is below the threshold, then the plaintiff must prove to a legal certainty that the claim could not exceed the statutory threshold. See id. at 195, 197. To establish jurisdiction, the defendant must establish only that the amount of controversy has been met as to one plaintiff. The court may then determine to exercise supplemental jurisdiction over the other plaintiffs. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005).

Before applying the legal certainty test under either Morgan or Samuel Basset, "any factual disputes must be resolved." U.S. Olympic Comm. v. Reichmann, No. 09-4618, 2010 WL 2179527, at *4 (D.N.J. May 28, 2010). Courts use the preponderance of the evidence standard to resolve such jurisdictional factual disputes. Id. (citing Frederico, 507 F.3d at 196). Courts "examine the facts as they exist when the complaint was filed" and "generally accept[] the plaintiff's good faith allegations." McCollum v. State Farm Ins. Co., 376 F. App'x 217, 220 (3d Cir. 2010) (internal quotations and citations omitted). When the facts are not dispute or after a court makes factual findings, the court then applies the legal certainty standard to those facts. Frederico, 507 F.3d at 194, 196.

Thus, in determining the amount in controversy, a court begins with a reading of the complaint filed in state court and determines whether the Morgan or Samuel-Basset approach applies. See Frederico, 507 F.3d at 197–98, accord Samuel-Basset, 357 F.3d at 398. Then a court must consider the defendant's notice of removal, determine whether any factual disputes

8

exist over jurisdiction, and make findings if necessary.  See Frederico, 507 F.3d at 198.  This includes consideration of the Complaint.  Id. at 197.  Finally, a court applies the legal certainty test to the facts before it.  See id. at 198–99.

Here, there do not appear to be any factual disputes impacting the Court's jurisdictional analysis.  For example, Sears does not dispute that Mr. Uddin was terminated on August 24, 2013 and Mr. Uddin does not dispute that his salary was $66,885.63 in 2012.  To the extent that Plaintiffs attempt to create a "dispute" based upon Sears' denial of liability, this argument is meritless.  An action does not become removable if and only if the removing defendant concedes liability.

Plaintiffs' Complaint is silent as to the amount in controversy.  In any event, Plaintiffs do not assert that their damages are below the jurisdiction threshold.  See Compl., ECF No. 1.  Therefore, the Court must apply the standard set forth in Samuel-Bassett to the instant motion.

The first count of the Complaint is based upon the alleged unlawful termination of Mr. Uddin under NJLAD.  Under NJLAD, compensatory damages may include front- and back-pay.  Mr. Uddin was paid $66,885.63 in 2012.  See Notice and Petition for Removal, ECF No. 1 ¶ 10.  Additionally, Mr. Uddin seeks punitive damages as to this cause of action.  Because punitive damages are recoverable in certain circumstances under NJLAD, see Cavuoti v. N.J. Transit Corp., 161 N.J. 107 (1999), punitive damages must also be considered when determining the amount in controversy.  Frederico, 507 F.3d at 199.  Under New Jersey law, punitive damages can total up to five times the compensatory damages.  N.J. Stat. Ann. § 2A:15-5.13(b).  Additionally, Mr. Uddin seeks attorney's fees in this count and these fees may be considered when determining the amount in controversy.  Frederico, 507 F.3d at 199.  The Third Circuit has held that fees can be estimated as high as 30% of the judgment when making this calculation.  Id.

Therefore, if Mr. Uddin were to recover less than two months of back-pay, punitive damages, and attorney's fees, his damages would exceed the jurisdiction threshold. The amount in controversy as to Ms. Mitwally's unlawful termination claim would similarly exceed the jurisdictional threshold if she obtained a similar recovery. Further, in the face of Defendants' arguments concerning the amount in controversy, Plaintiffs offer little to conclude that their claims cannot exceed the statutory threshold.

Based upon the foregoing, it is clear that Plaintiffs have not demonstrated to a legal certainty that their claims can not exceed the statutory threshold. Frederico, 507 F.3d at 195. Accordingly, the Court concludes that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

**B. Timeliness**

The Court does not need to address the timeliness of Plaintiffs' motion as the Court has already concluded that Plaintiffs' motion must be denied on substantive grounds. For the sake of completeness, however, the Court notes that Plaintiffs did not provide a sufficient basis for the Court to consider any non-jurisdictional defects raised in Plaintiffs' untimely brief.

While a federal court must always remand a case prior to final judgment when it appears that the court lacks subject matter jurisdiction, a plaintiff seeking to remand based upon non-jurisdictional defects must raise these issues "within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). As this case was removed on October 29, 2013, Plaintiffs were required to raise any such defects on or before November 28, 2013.

Furthermore, on November 14, 2013, this Court ordered that any such motion to remand for non-subject-matter issues must be filed on or before November 30, 2013. See ECF No. 8. Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of

Therefore, if Mr. Uddin were to recover less than two months of back-pay, punitive damages, and attorney's fees, his damages would exceed the jurisdiction threshold. The amount in controversy as to Ms. Mitwally's unlawful termination claim would similarly exceed the jurisdictional threshold if she obtained a similar recovery. Further, in the face of Defendants' arguments concerning the amount in controversy, Plaintiffs offer little to conclude that their claims cannot exceed the statutory threshold.

Based upon the foregoing, it is clear that Plaintiffs have not demonstrated to a legal certainty that their claims can not exceed the statutory threshold. Frederico, 507 F.3d at 195. Accordingly, the Court concludes that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

**B. Timeliness**

The Court does not need to address the timeliness of Plaintiffs' motion as the Court has already concluded that Plaintiffs' motion must be denied on substantive grounds. For the sake of completeness, however, the Court notes that Plaintiffs did not provide a sufficient basis for the Court to consider any non-jurisdictional defects raised in Plaintiffs' untimely brief.

While a federal court must always remand a case prior to final judgment when it appears that the court lacks subject matter jurisdiction, a plaintiff seeking to remand based upon non-jurisdictional defects must raise these issues "within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). As this case was removed on October 29, 2013, Plaintiffs were required to raise any such defects on or before November 28, 2013.

Furthermore, on November 14, 2013, this Court ordered that any such motion to remand for non-subject-matter issues must be filed on or before November 30, 2013. See ECF No. 8. Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of

proceedings and "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. GlobespanVirata, Inc. v. Texas Instruments, Inc., No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005).

While Plaintiffs failed to file their motion to remand before the expiration of either deadline, Plaintiffs ask the Court to treat their December 11, 2013 motion as a *nunc pro tunc* filing, and thereby deem the motion as having been filed on the date Plaintiffs filed their certification in opposition, *i.e.,* November 6, 2013. See ECF No. 18. Plaintiffs, however, provide no legal authority in support of their requested relief. Furthermore, while the Court specifically ordered Plaintiffs to provide citations to caselaw and recitations of fact sufficient to justify the Court considering Plaintiffs' untimely brief, see ECF No. 15, Plaintiffs' submission is devoid of both. See ECF No. 18. For example, Plaintiffs offer no explanation as to why they were unable to file their motion to remand in November. Plaintiffs' legal citations are also deficient, as these cases do not address the untimeliness issue created by Plaintiffs' late filing.

### IV. CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that Plaintiffs' motion to remand be denied. The parties are reminded that they have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: January 2, 2014